UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| ROBERT W. HILBORN AND JEAN ANNE S. HILBORN, Plaintiffs, v. METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE CO., Defendant. | Case No. 2:12-cv-00636-BLW<br><br>MEMORANDUM DECISION AND ORDER |
|---|---|

## INTRODUCTION

The Court has before it the Hilborns' Motion for Partial Summary Judgment (Dkt. 47) as well as their Motion to Strike (Dkt. 40). The Court heard oral argument on these two motions, as well as Defendant's Motion for Partial Summary Judgment (Dkt. 24), on January 14, 2014. The Court denied Defendant's motion at the hearing, and took the other two motions under advisement. For the reasons expressed below, the Court will now deny Plaintiffs' Motion for Partial Summary Judgment, and deem moot the Motion to Strike. The Court will also address the documents provided to the Court for privilege review pursuant to the Court's earlier Order (Dkt. 50).

# BACKGROUND

This case arises out of an insurance claim on a residential property that was destroyed by a fire. The Hilborns allege two counts in their Complaint. In Count I, they claim that Metropolitan denied part of their homeowners insurance in bad faith after they lost their house to the fire. In Count II, they claim that Metropolitan breached its contract with the Hilborns by denying their homeowners insurance claim.

The Hilborns home burned down on September 24, 2011. *Statement Material Facts* ¶2, Dkt. 42. It is undisputed that the home was insured by Metropolitan. *Id* at ¶1. The Hilborns' daughter, Kimberly Atchison, was the only person home at the time of the fire. *Reist Decl.* ¶2, Dkt. 29. Plaintiff Robert was in Salt Lake City and Plaintiff Jean Anne Hilborn was in Spokane, Washington. *Id.* at ¶3. The loss was reported to Metropolitan on September 25, 2011, by Jean Anne Hilborn. *Id.*

Metropolitan started their investigation of the fire in early October. *Statement of Material Facts* at 2, Dkt. 27. Metropolitan hired two different "cause and origin" experts to investigate the cause of the fire. *Statement of Material Facts* at ¶10, Dkt. 42. The first investigator was Glenn Johnson, and the second was Shane Hartgrove. *Id*. Neither investigator was able to determine the cause of the fire. *Id*. However, the second investigator, Hartgrove, did believe that there was evidence that the fire was intentionally set. *Statement of Material Facts* at 4, Dkt. 27.

At the request of Metropolitan, Jean Anne Hilborn submitted a personal property inventory (a list containing all of the household items that the Hilborns claimed were

destroyed as well as the value of each item). *Statement of Material Facts* at ¶12, Dkt. 42. After Metropolitan took examinations under oath of Robert Hilborn, Jean Anne Hilborn, and Kimberly Atchison, it denied the Hilborns' insurance claim. *Thenell Decl*. at 4, Dkt. 32-8. Metropolitan's basis was that Kimberly Atchison "and/or" Jean Anne Hilborn had caused the fire in question and that material misrepresentations had been made regarding personal property losses sustained in the fire. *Id*.

Metropolitan moved for partial summary judgment on the bad faith claim (Dkt. 24), which this Court denied in a ruling from the bench on January 14, 2014.

The Hilborns now ask this Court to grant partial summary judgment as to Robert Hilborn's breach of contract claim.[1] In support of this motion, they assert that the facts are clear that Robert Hilborn is an innocent coinsured, and therefore he should be awarded the insurance proceeds.

Additionally, the Hilborns filed a motion to strike the declarations of Jillian M. Hinman and Dan Reist, and any reference to those affidavits contained in the Defendant's motion for summary judgment. This Court will discuss each of these motions in turn.

---

[1] There seems to be some confusion in Metropolitan's briefing about the claims for which Robert Hilborn is seeking summary judgment. Metropolitan mentions both the bad faith claim and the contract claim, however, in his briefing Robert Hilborn only requests summary judgment on the contract claim, and there is no mention of the bad faith claim anywhere in his briefing. Accordingly, the Court will only address the contract claim.

## ANALYSIS

**1.     Summary Judgment Legal Standard**

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  There must be a genuine dispute as to any *material* fact – a fact "that may affect the outcome of the case." *Id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255.  Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).  On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

When cross-motions for summary judgment are filed, the Court must independently search the record for factual disputes. *Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). The filing of cross-motions for summary judgment – where both parties essentially assert that there are no material factual disputes – does not vitiate the court's responsibility to determine whether disputes as to material fact are present. *Id.*

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Deveraux*, 263 F.3d at 1076. The non-moving party must go beyond the pleadings and show "by her [ ] affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex,* 477 U.S. at 324.

**2.     Plaintiff's Motion for Partial Summary Judgment**

In their Complaint, both plaintiffs allege breach of contract. They allege that Metropolitan breached the insurance contract by failing to pay benefits under the contract. Robert Hilborn now asks for summary judgment on his breach of contract

claim. He contends that under Idaho law, he is entitled to summary judgment because Metropolitan denied coverage based solely on alleged acts of his co-insured.

Metropolitan counters that two questions of fact prevent summary judgment: (1) whether Robert Hilborn was involved in making material misrepresentations on the insurance claim form; and (2) whether Robert Hilborn was involved in a conspiracy to commit arson (i.e., that he played a role in burning down his house in order to obtain the insurance money). If material questions of fact remain on either issue, the Court must deny summary judgment.

### A. Material Misrepresentations

In order to prevail on his breach of contract claim, Mr. Hilborn must prove: (1) the existence of the contract; (2) breach of the contract; (3) that the breach caused damages; and (4) the amount of those damages. *Mosell Equities, LLC v. Berryhill & Co., Inc.*, 154 Idaho 269, 278, 297 P.3d 232, 241 (2013).

Here, there is a valid contract because it is not disputed that homeowner insurance policy number 737385735-1 was in effect at the time of the fire. *Thenell Decl.* at 1, Dkt. 32-8. As to whether there was a breach of contract, we first look to what the contract provisions say, and then determine whether those provisions were followed.

The Idaho Supreme Court has stated that "[a]n unambiguous contract will be given its plain meaning." *Bakker v. Thunder Spring-Wareham, LLC*, 141 Idaho 185, 190 (2005). In this case, neither side argues that the insurance contract is ambiguous, nor is there any dispute as to its content. The contract clearly states that the Hilborns' personal

property will be covered in the event of a fire. *Thenell Decl*. at 3, Dkt. 32-8. However, the contract also states that

> [i]f any . . . [policy holder] conceals or misrepresents any material fact or circumstance or makes any material false statement or engages in fraudulent conduct affecting any matter relating to this insurance or any loss for which coverage is sought, whether before or after a loss, no coverage is provided under this policy . . .

*Id*. This means that if Metropolitan can prove that Mr. Hilborn made any material misrepresentations in regard to the insurance contract, Mr. Hilborn will not be able to recover on the claim.

Here, Metropolitan alleges just that. In support of its argument, Metropolitan makes a three-fold argument. Metropolitan argues: (1) Robert Hilborn testified that he assisted in the creation of the inventory for the personal items lost; (2) Robert Hilborn testified that he believed that he reviewed the inventory prior to its submission to Metropolitan; and (3) there were a number of items claimed on the loss inventory form that were not found in the remains of the house, as well a lawn mower which was claimed as a loss but that the investigators found undamaged.

These allegations, if true, implicate Mr. Hilborn in the alleged fraudulent misrepresentations. Moreover, the question of whether Mr. Hilborn was involved in making material misrepresentations is a material fact to this case because, if proven, it would affect the ultimate outcome of whether the contract was breached. If a jury concludes that Mr. Hilborn intentionally and materially misrepresented the value of what was destroyed in the fire (or listed items that were not destroyed), Mr. Hilborn could not

recover on the claim. Construing the evidence in the light most favorably to Metropolitan, the Court must therefore deny summary judgment.

### B. Conspiracy to Commit Arson

Because the Court has determined that a question of material fact remains as to whether Mr. Hilborn made material misrepresentations, the Court need not address the conspiracy to commit arson argument.

### 2. Plaintiff's Motion to Strike

Because the Court did not rely on any of the information subject to the Motion to Strike in making its determination on the Motion for Partial Summary Judgment, the Court will deem moot the Motion to Strike.

### 3. Documents Claimed as Privileged

The Court has reviewed the documents Metropolitan submitted to the Court for in camera review pursuant to the Court's earlier Order (Dkt. 50). The Court has determined that the documents, as itemized in Metropolitan's privilege log, are either not privileged or were not included in the documents submitted to this Court. A chart listing the Court's ruling is attached as Exhibit A. Accordingly, Metropolitan must provide the Hilborns with the documents.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment (Dkt. 47) is **DENIED**.

2. Plaintiff's Motion to Strike (Dkt. 40) is **DEEMED MOOT**.

3. Defendant shall provide the Hilborns with all the documents listed in the privilege log submitted to this Court.



DATED: March 27, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court

# Exhibit A

| Bates No. | Alleged Privilege | Court's Determination |
|---|---|---|
| DEF 26(a)(1)_000706 | Attorney/Client | Not privileged |
| DEF 26(a)(1)_000708 | Attorney/Client | Not Privileged |
| DEF 26(a)(1)_000709 | Attorney/Client | Not Privileged |
| DEF 26(a)(1)_000718 | Attorney/Client | Not Privileged |
| DEF 26(a)(1)_000729 | Attorney/Client | Not Privileged |
| DEF 26(a)(1)_000730 | Attorney/Client | Not Privileged |
| DEF 26(a)(1)_000732 | Attorney/Client | Not Privileged |
| DEF 26(a)(1)_000733 | Attorney/Client | Not Privileged |
| DEF 26(a)(1)_000734 | Attorney/Client | Not Privileged |
| DEF 26(a)(1)_000735 | Attorney/Client | Not Privileged |
| DEF 26(a)(1)_000736 | Attorney/Client | Not Privileged |
| DEF 26(a)(1)_000737 | Attorney/Client | Not Privileged |
| DEF 26(a)(1)_000738 | Attorney/Client | Not Privileged |
| DEF 26(a)(1)_000739 | Attorney/Client | Not Privileged |
| DEF 26(a)(1)_000740 | Attorney/Client | Not Privileged |

| | | |
|---|---|---|
| DEF 26(a)(1)_000741 | Attorney/Client | Not Privileged |
| DEF 26(a)(1)_000742 | Attorney/Client | Not Privileged |
| DEF 26(a)(1)_000743 | Attorney/Client | Not Privileged |
| DEF 26(a)(1)_000744 | Attorney/Client | Not Privileged |
| DEF 26(a)(1)_000745 | Attorney/Client | Not Privileged |
| DEF 26(a)(1)_000746 | Attorney/Client | Not Privileged |
| DEF 26(a)(1)_002680-DEF 26(a)(1)_002748 | Attorney/Client | Documents not included |
| DEF 26(a)(1)_002759-DEF 26(a)(1)_002809 | Redacted client email addresses | Documents not included |
| Claim File 000354-Claim File 000365 | Attorney/Client | Not privileged |
| DEF 26(a)(1)_002810-DEF 26(a)(1)_002926 | Attorney/Client | Documents not included |
| DEF 26(a)(1)_002937 | Attorney/Client | Not Privileged |
| DEF 26(a)(1)_002937 | Attorney/Client | Not Privileged |