UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT W. HILBORN AND JEAN ANNE S. HILBORN, <br><br> Plaintiffs, <br><br> v. <br><br> METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE CO., <br><br> Defendant. | Case No. 2:12-cv-00636-BLW <br><br> MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

The Court has before it the Hilborns' Motion to Add a Claim for Punitive Damages (Dkt. 57), Metropolitan's Motion for Reconsideration of Evidentiary Ruling (Dkt. 70), and the Hilborns' Motion To Strike and Exclude Defendant's Expert Witness William Hight (Dkt. 66). For the reasons expressed below, the Court will grant the Hilborns' Motion to Add a Claim for Punitive Damages, deny Metropolitan's Motion for Reconsideration of Evidentiary Ruling, and deny the Hilborns' Motion To Strike and Exclude Defendant's Expert Witness William Hight.

# BACKGROUND

The Hilborns allege two counts in their Complaint. In Count I, they claim that Metropolitan denied part of their homeowners insurance in bad faith after their house burned down. In Count II, they claim that Metropolitan breached its contract with the

Hilborns by denying their homeowners insurance claim. Earlier, the Court denied cross-motions for summary judgment.

The Hilborns now ask for permission to add a claim for punitive damages. They also ask the Court to exclude Metropolitan's expert from testifying at trial. Metropolitan asks the Court to reconsider its earlier decision regarding attorney/client privileged matters.

**1.    Motion to Add a Claim for Punitive Damages**

Conduct justifying punitive damages requires "an intersection of two factors: a bad act and a bad state of mind." *See Linscott v. Rainier Nat. Life. Ins. Co.,* 100 Idaho 854, 606 P.2d 958, 962 (1980). The defendant must (1) act in a manner that was an extreme deviation from reasonable standards of conduct with an understanding of—or disregard for—its likely consequences, and must (2) act with an extremely harmful state of mind, described variously as with malice, oppression, fraud, gross negligence, wantonness, deliberately, or willfully. *See Myers v. Workmen's Auto Ins. Co.,* 140 Idaho 495, 95 P.3d 977, 983 (2004). For plaintiffs to be entitled to amend their complaint to add a claim for punitive damages, they need to show "a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." *See* Idaho Code § 6–1604(2). This section is substantive in nature and therefore controlling in this federal diversity case. *Windsor v. Guarantee Trust Life Ins. Co.,* 684 F. Supp. 630, (D. Idaho, 1988).

In addition to these general concerns, the courts in Idaho have laid out five specific factors that play a determinative role in deciding whether there is sufficient

evidence to support a punitive damages award: (1) the presence of expert testimony; (2) whether the unreasonable conduct actually caused harm to the plaintiff; (3) whether there is a special relationship between the parties, as in the ... insured-insurer relationship; (4) proof of a continuing course of oppressive conduct; and (5) proof of the actor's knowledge of the likely consequences of the conduct. *Cuddy Mountain Concrete Inc. v. Citadel Const., Inc.,* 121 Idaho 220, 824 P.2d 151, 160-61 (Idaho Ct.App.1992). With these guidelines in mind, the Court concludes that plaintiff has established a reasonable likelihood of proving facts supporting a punitive damages award.

    A.    **Expert Testimony**

The Hilborns suggest they will present expert testimony. They have hired an insurance and SIU[1] expert, Elliott Flood, to review Metropolitan's conduct in this case and render an opinion. Mr. Flood is an insurance expert (and attorney) who has overseen many insurance investigations, including SIU claims handling. *Pl.*'s *Br.* at 13, Dkt. 57-1. The Hilborns intend to use Mr. Flood's testimony to demonstrate that Metropolitan's conduct fell below industry standards. *Id.*

---

[1] The Hilborns use this acronym in their brief however they do not define it. After conducting an internet search the Court will assume that it stands for "Special Investigation Unit."

### B.  Actual Harm

The Hilborns argue that "[i]n addition to the financial loss and hardship imposed on them by the loss of their home and all its contents, MET has exacerbated the impact by dragging the Hilborns through protracted and unnecessary litigation." *Pl.*'s *Br.* at 15, Dkt. 57-1. Additionally, the Hilborns argue that the "record in this case is replete with evidence of the harm suffered by the Hilborns" because of Metropolitan's failure to pay on the insurance claim. *Id.* at 15-16.

### C.  Special Relationship

The special relationship factor is easily established—the Hilborns and Metropolitan were in a special relationship as insurer/insured. *See Cuddy,* 824 P.2d at 160–61.

### D.  Continuing course of oppressive conduct

It is undisputed that MET continues to deny payment of the claim. If a jury finds that Metropolitan denied the Hilborns' claim in bad faith and continued to deny payment on the claim despite knowing that they were obligated to, the jury might be more likely to award punitive damages. Therefore, this factor also weighs in favor of allowing the Hilborns to add a claim for punitive damages.

### E.  Knowledge

Based on the allegations in the complaint, along with the facts presented thus far, this Court finds that a jury could reasonably conclude that Metropolitan acted with an extremely harmful state of mind, and with knowledge of the likely consequences of its

conduct. Metropolitan is in a superior position and obviously understands the import of failing to pay on a homeowner's insurance policy. Therefore this factor also weighs in favor of allowing a claim for punitive damages.

### F. Hilborns May Add A Claim for Punitive Damages

Based on the above factors, this Court finds that the Hilborns have sufficiently demonstrated that there is a reasonable likelihood that they can win on a punitive damages claim at trial. Accordingly, the Hilborns' Motion to Add Claim for Punitive Damages (Dkt. 57) will be granted.

## 2. Motion to Reconsider

Earlier, Metropolitan submitted a set of documents to this Court for *in camera* review. The Court was tasked with determining whether the documents were privileged. The Court reviewed those documents and determined that they were not privileged, and ordered Metropolitan to disclose them to the Hilborns. Metropolitan now asks the Court to reconsider that ruling.

### A. Legal Standard

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress. The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in

stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988).

Reconsideration of a court's prior ruling under Federal Rule of Civil Procedure 59(e) is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citation omitted). If the motion to reconsider does not fall within one of these three categories, it must be denied.

Metropolitan has not met this standard. There is no newly discovered evidence, and there is no intervening change in controlling law. The only plausible argument is that the Court committed clear error or made an initial decision that was manifestly unjust. Metropolitan does nothing more than make the same arguments it made in its earlier

briefs. The Court considered those arguments in its earlier opinion and ruled against Metropolitan. Nothing has changed. Accordingly, the motion will be denied.

3.  **Motion to Strike Testimony of William Hight**

The Hilborns have also filed a motion to strike the testimony of Metropolitan's expert witness, William Hight. The Hilborns argue, pursuant to Rule 702 of the Federal Rules of Evidence, that Hight's expert report lacks sufficient facts or data, and that Hight's supplemental disclosures to his report are untimely under Rule 26 of the Federal Rules of Civil Procedure. Both parties indicated that no hearing on the motion was necessary.

   **A. Expert Requirements of Federal Rule of Civil Procedure 26**

Rule 26(a)(2)(A) states in relevant part that a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702. . . ." Fed. R. Civ. P. 26(a)(2). Rule 26(a)(2)(B) states that the disclosure must be accompanied by a written report. That report must contain: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B)(i-vi).

The purpose of these disclosure requirements is to "prevent surprise testimony by ensuring that opposing parties are aware of the nature of the expert opinions prior to trial." *DR Systems, Inc. v. Eastman Kodak Co.,* 2009 WL 2982821, at *3 n. 2 (S.D.Cal. Sept.14, 2009) (citing *Britz Fertilizers, Inc. v. Bayer Corp.,* 2009 WL 1748775, *3 (E.D. Cal. June 17, June 2009). If a party fails to provide information or identify a witness as required by the rule, the party is not allowed to use that information or witness to supply evidence at trial unless the failure was substantially justified or is harmless. Fed. R. Civ. P. Rule 37(c)(1). Rule 37(c)(1) "gives teeth to [the Rule 26(a) disclosure] requirements by forbidding the use at trial any information not properly disclosed under Rule 26(a)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp..,* 259 F.3d 1101, 1106 (9th Cir.2001). Rule 37(c)(1) is recognized as a broadening of the sanctioning power and a rule that is "self-executing" and "automatic." *Id.*

## B. Discussion

### (1) Sufficient Facts or Data

The Hilborns claim that Metropolitan's expert witness, Mr. Hight, has not relied on sufficient "facts or data" to form his opinions, *Plf's Br.* at 3, (as required by Federal Rule of Evidence 702(b)). Specifically, the Hilborns claim that Hight's report does not have adequate citations (it only references one textbook and one handbook, both on fire investigation) and his opinions lack foundation. The Hilborns allege that these deficiencies warrant barring Hight from testifying in this case.

The Court will note that, in their briefing, the Hilborns only argue that Hight's report fails to comply with the Rule 702(b) requirement that expert opinions be based on "sufficient facts or data," and do not suggest that it otherwise fails to comply with other provisions of Rule 702. The Hilborns do not allege that Hight (1) lacks "scientific, technical, or other specialized knowledge" (Rule 702(a)), (2) will not base his testimony on reliable "principles and methods" (Rule 702(c)), or (3) has not "reliably applied the principles and methods to the facts of the case" (Rule 702(d)).

The Hilborns' assertion regarding the facts and data in Hight's report are not entirely accurate. In his report, Hight did list a number of "facts and data" which he relied on to form his opinions. For example, Hight discusses testimony of witnesses who were at the scene of the fire, *Decl. of Daniel E. Thenell*, Ex. 1. at 4, Dkt. 53-1; the reports of several experts, *Id*. at 5; and other details concerning the nature and circumstances of the fire, *Id*. at 5-7. Thus, Hight does list a number of facts to support his opinions. Without more explanation by the Hilborns specifically detailing why these facts are insufficient, the Court finds that Hight's expert report does not run afoul of Rule 702(b). On the other hand, Hight will not be allowed to rely upon any additional "facts and data" beyond that disclosed in his Rule 26 Report.

**(2)    Expert Disclosure Under Rule 26**

The Hilborns also assert that Hight's supplementary disclosures are untimely. The Hilborns argue that all information in the supplemental expert report should have been provided in this original report due November 8, 2014.

Although the rules allow, and in fact require, an expert to supplement his report, the new information must be *supplemental* – not information which the expert had access to when the initial expert report was due. Rule 26(e) does not "create a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed. Rather, '[s]upplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure.'" *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 499-500 (9th Cir. 2009) (quoting *Keener v. United States,* 181 F.R.D. 639, 640 (D.Mont.1998)). In other words, the mechanism for supplementing expert disclosures exists to allow the disclosure of newly discovered facts which were not available at time the initial expert report was disclosed.

The problem here is that the Court has not been provided with the supplemental report, so the Court cannot determine whether supplementation was proper. The Court has no way of knowing exactly what was provided in the original report and what was provided in the supplemental report. Accordingly, the Court will deny the motion at this point. However, at trial, if the Hilborns can show that the expert is testifying from a supplemental report which contains only information which should have been included in the original report, the Court will preclude such testimony.

# ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion To Add a Claim for Punitive Damages (Dkt. 57) is **GRANTED**.

2. Defendant's Motion for Reconsideration of Evidentiary Ruling (Dkt. 70) is **DENIED**.

3. Plaintiff's Motion To Strike and Exclude Defendant's Expert Witness William Hight (Dkt. 66) is **DENIED.**

DATED: June 3, 2014

B. Lynn Winmill
Chief Judge
United States District Court