Kenneth L. Pedersen, ISB #1436
kpedersen@pedersen-law.com
Jarom A. Whitehead, ISB #6656
jwhitehead@pedersen-law.com
Jarom A. Whitehead, ISB #7952
bhilverda@pedersen-law.com
PEDERSEN and WHITEHEAD
161 5th Ave. S., Suite 301
P. O. Box 2349
Twin Falls, ID  83303-2349
208-734-2552 (Telephone)
208-734-2772 (Facsimile)

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT W. HILBORN and JEAN ANNE S. HILBORN, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign entity, and BUSINESS ENTITIES DOES I through X,<br><br>Defendants. | Case No. **2:12-cv-00636-BLW**<br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW the above-named Plaintiffs, by and through their counsel of record, Jarom A. Whitehead of the law firm of Pedersen and Whitehead, and for cause of action against the above-named Defendants, complain and allege as follows:

**PARTIES**

1.  Plaintiffs Robert W. Hilborn and Jean Anne S. Hilborn are married and at all

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 1

times relevant hereto were residents of City of Bonners Ferry, County of Boundary, State of Idaho.

2. Defendant Metropolitan Group Property and Casualty Insurance Company (hereinafter "MetLife") has been and now is a company that solicited and sold insurance in the State of Idaho.

3. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants DOES I through X, inclusive, are unknown to Plaintiffs at this time. Plaintiffs sues those Defendants by such fictitious names and will amend this complaint to show their true names and capacities when they have been ascertained. Plaintiffs are informed and believe, and on the basis of such information and belief allege, that each of the Defendants designated, as a DOE is negligently or otherwise legally responsible for the events and happenings referred to in this Complaint, and negligently or otherwise unlawfully caused the injuries and damages to Plaintiffs alleged in this Complaint.

## JURISDICTION

4. Jurisdiction is proper in District Court in that the amount of damages exceeds $10,000.00.

## FACTS

5. Plaintiffs purchased from Defendant MetLife homeowner and personal property insurance which is identified as Policy No. 737385735-1 and was active for the term of November 30, 2010 through November 30, 2011.

6. On or about September 24, 2011 a fire destroyed Plaintiffs home located at 147 Old Addie Road, Bonners Ferry, Idaho, while Plaintiffs were out of town.

7. On or about September 24, 2011 the Hall Mountain Volunteer Fire Department

PEDERSEN AND WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

arrived at the property. Upon arrival they "found the structure completely down with no exposures threatened."

8. On or about September 25, 2011 Plaintiffs returned to Bonners Ferry and notified MetLife of the loss and subsequently filed a claim.

9. An adjuster for MetLife, James Lindsay, arrived on or about September 25, 2011, to inspect the damage and took recorded statements from Plaintiffs.

10. Despite Plaintiffs timely and dutifully submitting all requested information to MetLife, their insurer delayed proper investigation of the claim.

11. Nine months following the loss MetLife, through its Claims Representative Dan Reist, sent Plaintiffs a letter on June 25, 2012 stating that it was denying benefits due under the policy and alleging Plaintiffs involvement in starting the fire and including unsubstantiated and vague claims of making misrepresentations. No explanation, details or further investigation was provided and no benefits were paid.

## COUNT ONE – BAD FAITH

12. Plaintiffs reallege the allegations contained in paragraphs 1 through 11 herein.

13. Plaintiffs performed all conditions precedent to the contract.

14. Defendant MetLife's refusal to pay benefits due under the policy was unjustified and amounts to the tort of bad faith.

15. Plaintiffs are entitled to an award of damages, both special and general, in an amount to be proven at trial.

16. Defendant MetLife failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under their insureds policy.

17. Defendant MetLife failed to adopt and implement reasonable standards for the

prompt investigation of claim arising under their insureds policy.

18. Defendant MetLife failed to conduct an appropriate investigation of Plaintiffs' claim.

19. Defendant MetLife failed to affirm or deny coverage of claims within a reasonable timeframe after Plaintiffs completed proof of loss statements.

20. Defendant MetLife did not attempt in good faith to effectuate a prompt, fair and equitable settlement of the Plaintiffs claim in which liability was reasonably clear.

21. Defendant MetLife has compelled Plaintiffs to institute litigation to recover amounts due under their insurance policy by denying Plaintiffs claim.

22. Defendant MetLife failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of Plaintiffs claim.

23. During the adjusting process, defendant MetLife acted and used abusive tactics to harass and intimidate their own insureds in order to prevent them from receiving the benefits of their insurance policy.

24. Such actions by Defendant MetLife were in bad faith and amount to an extreme deviation from the standards of the industry.

## COUNT TWO – BREACH OF CONTRACT

25. Plaintiffs reallege the allegations contained in paragraphs 1 through 24 herein.

26. Defendant MetLife's refusal and undue delay to pay certain benefits under the contract was unjustified and amounted to breach of contract; such breach proximately caused Plaintiffs to suffer damages.

27. Plaintiffs are entitled to an award of damages, both special and general, in an

amount to be proven in trial.

### COUNT THREE - PUNITIVE DAMAGES

28. Plaintiffs reallege the allegations contained in each and every paragraph above.

29. Plaintiffs seek recovery of punitive damages, pursuant to Idaho Code § 6-1604 and as allowed by Idaho law.

30. The manner in which the Defendant MetLife failed to properly investigate, unreasonably delayed, and wrongfully denied the Plaintiffs' claim for benefits and thereby breaching the contract was an extreme deviation from reasonable standards of conduct. Plaintiffs allege these acts were performed by Defendant MetLife with malice, fraud, oppression, wantonness, gross negligence and recklessness, entitling Plaintiffs, in addition to all compensatory damages, to an award of punitive damages in an amount that will punish the Defendant MetLife and deter Defendant MetLife and others from engaging in similar conduct in the future.

### COUNT FOUR – ATTORNEY FEES

31. Plaintiffs reallege the allegations contained in paragraphs 1 through 30 herein.

32. It has been necessary for Plaintiffs to hire the law firm of PEDERSEN and WHITEHEAD, to prosecute this action.

33. Plaintiffs are entitled to reasonable attorney fees pursuant to Idaho Code § 12-121 and pursuant to Idaho Code § 41-1839 relating to attorney fees and suits against insurers.

### DAMAGES

34. As a direct and proximate result of the Defendant MetLife's conduct, Plaintiffs have suffered substantial damages; including, but not limited to, special damages as actual out of pocket costs for hiring counsel to prosecute this matter, suit, general damages, consequential

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 5

damages, attorney fees and the costs incident to prosecuting this action, all in an amount to be proven at trial.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants jointly and severely for:

    A.    as to all Counts: damages, special, general and consequential, in an amount to be determined at trial;

    B.    reasonable attorney fees;

    C.    costs of prosecuting and presenting the evidence of this case; and

    D.    such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by a jury of at least twelve (12) members on all issues in the above-entitled matter.

DATED this 12th day of June, 2014.

PEDERSEN and WHITEHEAD

By _____
Jarom A. Whitehead, ISB #6656
Attorney for Plaintiffs

PEDERSEN AND WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 6

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June, 2014, I served a copy of the foregoing AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL, on *CM/ECF* Registered Participants as reflected on the Notice of Electronic Filing as follows:

Daniel E. Thenell, ISB #8118
Email: dan@thenelllawgroup.com
William P. Richardson, *pro hac vice*
Email: bill@thenelllawgroup.com
Jillian M. Hinman
Email: jillian@thenelllawgroup.com
Thenell Law Group, P.C.
12909 S.W. 68th Parkway, Suite 320
Portland, OR 97223

Jarom A. Whitehead

PEDERSEN AND WHITEHEAD
*Attorneys at Law*
161 5th Avenue South, Suite 301
P.O. Box 2349
Twin Falls, ID 83303-2349
Telephone: 208-734-2552

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 7