UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT W. HILBORN AND JEAN ANNE S. HILBORN, <br><br> Plaintiffs, <br><br> v. <br><br> METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE CO., <br><br> Defendant. | Case No. 2:12-cv-00636-BLW <br><br> MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

The Court has before it several pre-trial motions. The Court will address each below.

# ANALYSIS

**1.     Plaintiffs' Motion in Limine (Dkt. 84)**

Plaintiffs ask the Court to exclude Jay Straughan from testifying as an expert witness at trial. They also ask the Court to limit expert witness Shane Hartgrove's testimony "to the facts and opinions timely made part of the record." *Plf. Br.* at 3, Dkt. 84.

With respect to Hartgrove, Plaintiffs simply suggest that "it is anticipated that Mr. Hartgrove may be asked to go beyond his timely disclosure by testifying regarding additional facts and/or opinions not properly disclosed within the Court's scheduling

Order." *Plf. Br.* at 2, Dkt. 84. No order in limine is needed to address this type of speculation. The Court will simply note that in order for any expert witness to testify at trial, the expert must comply with Rule 26(a)(2).

As for Straughan, the Court notes that Metropolitan's expert disclosures were due November 8, 2013, with rebuttal expert disclosures due December 6, 2013. Dkts. 8 & 22. The discovery cutoff date was also November 8, 2013. Dkts. 8 & 22. Metropolitan disclosed Straughan as a rebuttal expert witness, along with a claim summary prepared by him as his expert report, on May 7, 2014.

Metropolitan suggests its disclosure was timely because it was disclosed "within 30 days of disclosure as FRCP 26 requires." *Def. Br.,* at 2, Dkt. 111. Metropolitan cites Rule 26(a)(2)(B) for the proposition that a rebuttal expert must produce a report, "as a default, within thirty days after the witness is disclosed." *Def. Br.,* at 2, Dkt. 111. Rule 26(a)(2)(B) says nothing about the time for disclosing expert reports or a default thirty day rule.

Rule 26(a)(2)(D) addresses the time to disclose expert testimony. It states that a party must make expert testimony disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D)(i). The rule does set a default deadline for both initial expert disclosures and rebuttal expert disclosures – for rebuttal expert disclosures, that default is "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). But the default only applies "[a]bsent stipulation or a court order . . . ."

Fed. R. Civ. P. 26(a)(2)(D). Here, the court set the deadline for rebuttal expert disclosures as December 6, 2013. Dkts. 8 & 22. Thus, the May 7, 2014 disclosure was not timely.

Pursuant to Rule 37(c)(1), if a party fails to identify a witness as required by Rule 26(a), the party is not allowed to use that witness at trial unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples The Office Superstore, LLC,* 644 F.3d 817, 827 (9th Cir. 2011). The burden of preventing the sanction, and showing the failure was substantially justified or is harmless is on the party facing the sanction. *Id.*

Here, Metropolitan suggests it was justified in its late disclosure because it "obtained the report as quickly as it could and promptly disclosed the evidence to Plaintiff," and that it became "necessary as rebuttal due to Plaintiff's failure to produce any evidence of replacement of items." *Def. Br.,* at 2-3, Dkt. 111. Without more, simply stating that it retained the expert as quickly as it could is not substantial justification for disclosing the expert five months late. And the argument that it became necessary because of Plaintiffs' failure to produce evidence of replacement items has nothing to do with timeliness – it gives no explanation why the rebuttal expert was disclosed six months after the discovery cutoff and five months after the rebuttal expert disclosure deadline.

Metropolitan also argues that its late disclosure is harmless "because it provides sufficient notice so as to avoid any unfair surprise to the opposing party," and again notes

that it is limited to the value of inventory. The real problem here is that it does not appear

Straughan is really a rebuttal expert under these circumstances. If Straughan intends to

testify about the value of inventory, he should have been disclosed as an initial expert –

not as a rebuttal expert to what may be lay testimony by the Hilborns. Disclosing him as a

rebuttal expert "due to Plaintiff's failure to produce any evidence of replacement of

items" is not proper rebuttal. Doing so harms Plaintiffs because they are now unable to

rebut what would essentially be direct expert testimony by Straughan. Accordingly, the

Court will grant the motion to exclude Straughan as an expert witness.

**2.    Defendant's Motion in Limine (Dkt. 101)**

Metropolitan filed a motion in limine asking the Court to exclude a number of

items from trial – 24 in all. Without repeating the arguments here, the Court will list its

tentative rulings. As with many in limine rulings, however, some rulings will be general

in nature, some issues cannot be fully resolved outside the context of trial, and some

issues may be revisited depending on how the trial develops. Accordingly, the following

rulings are subject to change depending upon how the trial unfolds.

1. At the informal status conference on July 22, 2014, the Court explained its process for bifurcating the punitive damages phase of the trial. The Court will follow that procedure to eliminate any unfair prejudice to Metropolitan.
2. Metropolitan's request is too general for an order in limine, other than to state that the Court will apply the rules of evidence, including Rules 701 and 602, to witness testimony presented at trial.

3. The Court cannot make a blanket in limine ruling that no lay witness can testify about his/her understanding of an expert report based on Rules 401 and 403. Although, the requested ruling is probably appropriate, more context is necessary to determine whether such testimony is relevant, and whether its probative value is substantially outweighed by any danger of prejudice, confusion of issues, etc.

4. The Court will apply the rule against hearsay and its exceptions.

5. The Court cannot make a blanket order in limine that character evidence is inadmissible. The Court will apply Rule 404 in the context of the testimony at trial.

6. The issue of whether evidence of Plaintiffs' quality of life should be admitted at trial was not sufficiently briefed or explained to the Court for the Court to make an in limine ruling, other than to state that the argument that such testimony "distracts the jury from the main question at issue" is not sufficient grounds for excluding all such testimony. Once again, the Court will need to address such an argument in the context of trial.

7. The Court can only state that lay witnesses may not testify as expert witnesses at trial, accept as provided in F.R.Evid. 701. Only disclosed expert witnesses may testify as expert witnesses, and they may only testify as to matters stated in their reports, supplements, and deposition testimony.

8. Same as 7 above.

9. The Court cannot make a blanket in limine determination that Kimberly Atchison's loss of custody of her children due to a suicide attempt is completely irrelevant. However, the Court will note that, at this point, it seems that testimony that the Hilborn's grandchildren lived with them at the time of the fire will likely be admissible, but the reason for that likely will not. This ruling is subject to change depending upon other testimony elicited at trial.

10. The request is too general for an in limine rule. The Court will apply the appropriate Rule 37(c) sanction where necessary to address a failure to disclose or supplement discovery.

11. As with other discovery addressed in 10, The Court will apply the appropriate Rule 37(c) sanction where necessary to address a failure to disclose witnesses.

12. Plaintiffs give no indication that they intend to make a "golden rule" argument to the jury. The Court will address the issue if necessary.

13. Counsel will not be allowed to testify by opinion or otherwise at trial.

14. The Court will grant Metropolitan's request to the extent it asks the Court to apply Rule 615. However, this does not mean each party is limited to one representative. Rule 615(a) precludes the Court from excluding a party who is a natural person – meaning the Court will not exclude either plaintiff from the courtroom.

15. The Court will not allow the parties to display exhibits to the jury which have not been disclosed and admitted. This also means counsel may not show

exhibits to the jury during opening statements unless there has been a stipulation that the exhibits be admitted or the parties have otherwise agreed that they can be shown them to the jury during opening statements.

16. The Court will not allow the parties to reference or admit settlement offers pursuant to Rule 408.

17. Litigation costs are irrelevant to the matters presented to the jury, and they will be excluded as evidence.

18. The Court understands that there is an agreement the parties will not offer evidence of the retention and acts of defense counsel, and that Plaintiffs will not argue that it was bad faith for Metropolitan to retain Mr. Thennell. However, evidence of Mr. Thennell creating documents may be allowed depending upon how it relates to the facts as the trial proceeds.

19. Same as 18.

20. The request is too vague for the Court to understand and make a ruling in limine.

21. The request is somewhat vague, and makes it difficult to make a final in limine ruling. However, the Court generally agrees that pre-trial litigation, motions, discovery disputes, etc. are irrelevant and inadmissible at trial.

22. The request is too vague for the Court to understand and make a ruling in limine.

23. Rule 26(b)(4)(D) states that, ordinarily, a party may not discover facts know or opinions held by an expert retained by another party in anticipation of litigation or to prepare for trial who is not expected to be called as a witness at trial. Here, there is a dispute over whether Metropolitan retained Glen Johnson as an expert for these purposes or simply as the person to investigate the fire and determine the cause and origin. The parties provided the Court with very limited briefing on this matter. The Court will need to hear more evidence and testimony about the facts surrounding Johnson's role in the case before it can determine whether to allow Plaintiffs to call him as a witness.

24. The parties shall work together as I stated during the pretrial. If you cannot reach agreement contact the Law Clerk assigned to this case, Jeff Severson, and inform him as to where there is disagreement. The Court will then address the issue.

### 3. Plaintiffs' Motion in Limine (Dkt. 102)

The Hilborns ask the Court to exclude evidence at trial not properly disclosed, and cumulative evidence. The request that the Court exclude evidence not properly disclosed focuses on Metropolitan's witnesses Jay Straughan and Shane Hartgrove, which is essentially a repeat of their motion addressed above. The Court will simply refer the parties to that ruling.

With respect to cumulative evidence, the Court cannot make a specific ruling without the context of trial. The Court will simply note that it takes Rule 403 seriously,

and that the Court will not allow the parties to waste the jury's time by simply replowing the same evidence over and over.

**4. Plaintiffs' Motion to Strike (Dkt. 108)**

The Hilborns ask the Court to strike paragraph 30 of Metropolitan's Answer and Affirmative Defenses to Plaintiffs' Amended Complaint. Metropolitan filed its amended answer after the Court granted the Hilborn's motion to file an amended complaint to add punitive damages.

The Court's Case Management Order states that all motions to amend pleadings, except for allegations of punitive damages, shall be filed on or before May 1, 2013. Dkt. 8. The CMO explains that all parties are entitled to know the claims and parties well-before trial rather than be forced to pursue or defend against a moving target. Motions to amend filed after the Scheduling Order deadline are governed, not by the liberal provisions of Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

The Court specifically exempts allegations of punitive damages from the deadline because of Idaho's unique requirement that a plaintiff ask for leave to amend a complaint to add punitive damages. It follows that an answer can only be amended to respond to the allegations of punitive damages unless the "good cause" standard is met.

Here, Metropolitan made no attempt to meet the good cause standard. However, the Court is not altogether clear whether paragraph 30 was added to respond to the

complaint in general or just the punitive damages claim. To the extent it responds to the punitive damages claim, the Court will allow it. To the extent it responds to other allegations in the complaint, it will be stricken.

**5.     Defendant's Motion in Limine (Dkt. 120)**

Defendant's ask the Court to prevent Plaintiffs from referencing Idaho Code § 41-1329 because it does not create a private right of action. Although it does not create a private right of action, Idaho courts have allowed jury's to be instructed that Idaho Code § 41-1329 does address the standards of the insurance industry and may be considered by the jury in its deliberations to determine whether there was an extreme deviation from industry standards which warrants punitive damages. *Weinstein v. Prudential Property and Cas. Ins. Co.,* 233 P.3d 1221, 1235 (Idaho 2010). Accordingly, although the Court will not rule in limine that reference to the code section is necessarily admissible, it will deny Defendant's request that Plaintiffs be prevented from referencing it.

## ORDER

**IT IS ORDERED:**

1. Plaintiffs' Motion in Limine (Dkt. 84) is **GRANTED in part** and **DENIED in part**. It is granted as to Straughan and denied as to Hartgrove.

2. Defendant's Motion in Limine (Dkt. 101) is **GRANTED in part** and **DENIED in part** as explained above.

3. Plaintiffs' Motion in Limine (Dkt. 102) is **DEEEMED MOOT in part** and **DENIED in part** as explained above.

4. Plaintiffs' Motion to Strike (Dkt. 108) is **GRANTED in part** and **DENIED in part** as explained above.

5. Defendant's Motion in Limine (Dkt. 120) is **DENIED**.

DATED: August 15, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court